IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:23-CV-80015-AMC

JOHN ANTHONY CASTRO

    Plaintiff,

v.

DONALD J. TRUMP

    Defendant.

FILED BY _____ D.C.

FEB 15 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

### PLAINTIFF JOHN ANTHONY CASTRO'S MOTION TO DISQUALIFY JUDGE AILEEN CANNON

Plaintiff, JOHN ANTHONY CASTRO, *pro se*, hereby files his Motion to Disqualify Judge Aileen Cannon, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 455(a) and, as grounds for disqualification, states as follows:

The standard of review on a motion for recusal based on appearance of partiality is whether an objective, disinterested, lay observer, fully informed of the facts underlying the grounds on which recusal was sought, would entertain a significant doubt about the judge's impartiality; the standard is, thus, an objective one designed to promote the public's confidence in the impartiality and integrity of the judicial process. *U.S. v. Scrushy*, 721 F.3d 1288 (11th Cir. 2013).

The question on appellate review would be as follows: would an objective, disinterested, lay person, fully informed of the facts, have a significant doubt regarding Judge Aileen Cannon's impartiality?

The decision whether a judge's impartiality can reasonably be questioned, for the purpose a motion to recuse, is to be made in light of the facts as they existed; not as they were surmised or

1

reported by the media. *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913 (2004). In other words, media assumptions, hyperbole, and exaggerations are disregarded.

Judge Aileen Cannon's intervention in the criminal investigation of former President Donald J. Trump was widely criticized by the general public, legal experts, and constitutional scholars. Moreover, it resulted in numerous ethics complaints being filed against Judge Aileen Cannon who is fully aware of the public backlash.

Although the judicial complaints were ultimately dismissed, there remains widespread doubt in the general public regarding Judge Aileen Cannon's impartiality with regard to matters involving former President Donald J. Trump, especially amongst those that are truly objective, disinterested, lay, and fully informed.

The U.S. Court of Appeals for the 11th Circuit ultimately overturned Judge Aileen Cannon's ruling and held that the "law is clear. We cannot write a rule that allows any subject of a search warrant to block government investigations after the execution of the warrant. Nor can we write a rule that allows only former presidents to do so. Either approach would be a radical reordering of our caselaw limiting the federal courts' involvement in criminal investigations. And both would violate bedrock separation-of-powers limitations." *Trump v. U.S.*, 54 F.4th 689, 701 (11th Cir. 2022). This was a scathing critique of Judge Aileen Cannon and a direct finding that her intervention in the criminal investigation of former President Donald J. Trump was an abuse of discretion, unlawful in that it was irreconcilable with nearly a century of established case law from the U.S. Supreme Court, and unconstitutional for violating the limitations on separation of powers.

Although a judge's rulings alone *generally* do not establish bias or the perception of partiality, this is one of those rare cases in which it does. In this case, Judge Aileen Cannon's

2

abusive, unlawful, and unconstitutional attempt to obstruct the criminal investigation into former President Donald J. Trump led widespread public perception that Judge Aileen Cannon is incapable of impartiality with matters involving former President Donald J. Trump.

The recusal inquiry for a judge based upon perceived lack of impartiality must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913 (2004).

The Eleventh Circuit could not have been more clear: Judge Aileen Cannon disregarded nearly 80 years of established case law including decisions from the U.S. Supreme Court, which she knew was the Supreme Law of the Land for which she had no basis in law to disregard. Judge Aileen Cannon abused her discretion in an attempt to thwart the criminal investigation of the man that awarded her with a lifetime appointment in the federal judiciary. If these actions were taken by any other person, it could possibly constitute abuse of process and obstruction of justice resulting in the potential for criminal charges.

A district court judge's refusal to recuse himself on the grounds that an objective lay observer fully informed of the facts would entertain a significant doubt about the judge's impartiality is subject to review for abuse of discretion. *Diversified Numismatics, Inc. v. City of Orlando, FL.*, 949 F.2d 382 (11th Cir. 1991).

Inasmuch as "appearance of partiality" may vary from district to district, it would seem appropriate to apply a "community standard" to questions regarding whether a judge should recuse herself for reason that her "impartiality might reasonably be questioned." *Smith v. Pepsico, Inc.*, 434 F. Supp. 524, 526 (S.D. Fla. 1977).

In this case, if we apply the community standard, it would be indisputable that Judge Aileen Cannon's impartiality can reasonably be questioned in this case. In fact, the more objective,

disinterested, and informed the person is, the more likely the person would have significant doubt as to Judge Aileen Cannon's impartiality.

The recusal standard for a judge, whether his impartiality might reasonably be questioned, is one of reasonableness and should not be interpreted to mandatorily require recusal based upon spurious or vague charges of partiality. *Smith v. Pepsico, Inc.*, 434 F. Supp. 524 (S.D. Fla. 1977).

In this case, the Motion to Recuse is not based on spurious or vague accusations. Legal experts, constitutional scholars, and the U.S. Court of Appeals for the Eleventh Circuit all concluded that Judge Aileen Cannon abused her discretion and violated the United States Constitution's limitations on separation of powers when she engaged in a novel form of obstruction of justice. The vast majority of objective, disinterested, lay yet fully informed observers would have significant doubt regarding Judge Aileen Cannon's impartiality.

A violation of the statute requiring a judge to recuse herself in any proceeding in which her impartiality might reasonably be questioned is established when a reasonable person, knowing the relevant facts, would expect that the judge knew circumstances creating an appearance of partiality, notwithstanding finding that the judge was not actually conscious of those circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988). Furthermore, failure to recuse may warrant relief from final judgment. *Id.*

In this case, although it is not necessary, Judge Aileen Cannon was the subject of numerous ethics complaints regarding her abusive, unlawful, and unconstitutional attempt to obstruct the criminal investigation into Donald J. Trump.

The recusal statute "is violated if the general public could reasonably believe… that there would be an appearance of impropriety." *See U.S. v. Garrudo*, 869 F. Supp. 1574 (S.D. Fla. 1994), *aff'd sub nom*. 139 F.3d 847 (11th Cir. 1998), *reh'g granted and opinion vacated*, 161 F.3d 652

4

(11th Cir. 1998), *and on reh'g*, 172 F.3d 806 (11th Cir. 1999), cert. denied 528 U.S. 985.

Scienter is not required in order to find violation of statue requiring judge to recuse herself if impartially might reasonably be questioned. *Id*.

A judge was found to be disqualified from sitting on postconviction matters concerning criminal defendant where a reasonable person in the street would harbor doubts as to the judge's impartiality to sit on such matters since defendant had expressed hostility toward the judge despite the fact that the judge denied any personal bias or prejudice. *U.S. v. Cerrella*, 529 F. Supp. 1373 (S.D. Fla. 1982).

In this case, Plaintiff John Anthony Castro has publicly accused Judge Aileen Cannon of being "corrupt" for her abusive, unlawful, and unconstitutional attempt to obstruct the criminal investigation of former President Donald J. Trump.

WHEREFORE, PLAINTIFF, John Anthony Castro, respectfully requests that Judge Aileen Cannon be disqualified from the above-referenced litigation, and that she recuse herself from acting in any capacity, whatsoever, in this subject case.

PLAINTIFF, John Anthony Castro, FURTHER PRAYS for any other relief this Court may deem just and proper.

### **CERTIFICATION PURSUANT TO LOCAL RULE 7.1 (a) (3)**

The undersigned counsel has not conferred with counsel for the Defendant in a good faith effort to resolve the issues in this Motion, as no appearance has been filed by the Defendant.

DATED the 15th day of February 2023

5

Respectfully submitted,

By: _____
John Anthony Castro
12 Park Place
Mansfield, TX 76063
Tel. (202) 594-4344
J.Castro@JohnCastro.com
Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2023, a true and accurate copy of the foregoing Motion was served via U.S. First Class Mail on the following:

Donald J. Trump
1100 S. Ocean Blvd
Palm Beach, Florida 33480

s/ _____
John Anthony Castro

6