UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JOHN ANTHONY CASTRO,

      *Plaintiff*,

v.

DONALD J. TRUMP,

      *Defendant.*

Case No. 9:23-cv-80015

**DEFENDANT DONALD J. TRUMP'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Lindsey Halligan
Florida Bar No. 109481
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Email: lindseyhalligan@outlook.com

*Counsel for President Donald J. Trump*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1
FACTUAL BACKGROUND .................................................................................................... 1
LEGAL STANDARD ................................................................................................................ 3
ARGUMENT ............................................................................................................................. 4
I.     This Court Lacks Jurisdiction Over Plaintiff's Claim ....................................................... 4
        a.     Plaintiff Lacks Standing to Sue................................................................................ 5
              i.     Plaintiff Has Not Alleged A Concrete Or Particularized Injury. ................. 7
              ii.     Competitor Standing Does Not Apply ........................................................ 9
              iii.     The Amended Complaint Lacks a Causal Link and Redressability ........... 9
        b.     The Court Lacks Subject Matter Jurisdiction ....................................................... 10
        c.     This Action Is Not Ripe for Adjudication............................................................. 12
II.    Plaintiff Fails to State a Valid Claim ............................................................................. 13
CONCLUSION........................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Abner v. Mobile Infirmary Hosp.*, 149 Fed. App'x 857 (11th Cir. 2005) ................................... 14

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937) ............................... 4, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 4, 6

*Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970 (5th Cir. 2000) ..................................................... 14

*Borden v. Katzman*, 881 F.2d 1035 (11th Cir. 1989) .................................................................. 11

Castro v. FEC, No. 1:22-cv-02176, 2022 WL 17976630 (D.D.C. Dec. 6, 2022) .......................... 1

*Cheffer v. Reno*, 55 F.3d 1517 (11th Cir. 1995) .......................................................................... 12

*Christ v. Beneficial Corp.*, 547 F.3d 1292 (11th Cir. 2008) .................................................. 11, 13

*Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225 (11th Cir. 2019) .................................................. 3

*Digital Props., Inc. v. City of Plantation*, 121 F.3d 586 (11th Cir. 1997) ................................... 12

*Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249 (S.D. Fla. 2020) ......................................... 11

*Franklin v. Curry*, 738 F.3d 1246 (11th Cir. 2013) ...................................................................... 4

*Fulani v. Brady*, 935 F.2d 1324 (D.C. Cir. 1991) ....................................................................... 10

*Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235 (11th Cir. 2022) .............. 6

*Golden v. Zwickler*, 394 U.S. 103 (1969) ................................................................................. 6, 7

*Gunn v. Minton*, 568 U.S. 251 (2013) ......................................................................................... 11

*Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992) ..................................................................... 14

*Irani v. Maracotta*, No. 07-61636-CIV, 2007 WL 4098246 (S.D. Fla. Nov. 16, 2007) ............. 14

*Jeffries v. Ga. Residential Fin. Auth.*, 678 F.2d 919 (11th Cir. 1982) ........................................ 14

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) ........................................................... 3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ....................................................... 3, 5, 6, 7

*Md. Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) .............................................. 6

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ...................................................... 4, 5

*Nat'l Park Hospitality Ass'n v. DOI*, 538 U.S. 803 (2003) ........................................................ 12

*Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008) ................................................................ 4

*Raines v. Byrd*, 521 U.S. 811 (1997) .................................................................................... 5

*Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800 (11th Cir. 1993) .. 3, 5

*Reno v. Catholic Social Services, Inc.*, 509 U.S. 43 (1993)............................................................ 12

*Schilling v. Rogers*, 363 U.S. 666 (1960) ................................................................................. 11

*Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 (1974)........................................ 8

*Sherley v. Sebelius*, 610 F.3d 69 (D.C. Cir. 2010).......................................................................... 9

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950).............................................. 11, 13

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ................................................................................. 4

*State Nat'l Bank of Big Spring v. Lew*, 795 F.3d 48 (D.C. Cir. 2015)............................................ 9

*Stencil v. Johnson*, No. 22-C-0305, 2022 WL 1956999 (E.D. Wis. June 3, 2022) ............ 7, 11, 14

*Texas v. United States*, 523 U.S. 296 (1998) ................................................................................ 12

*Thomas v. Union Carbide Agric. Prod. Co.*, 473 U.S. 568 (1985)................................................ 12

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765 (2000)............................... 6

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015)................................. 2

*Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312 (11th Cir. 2016)................................. 3

**Statutes**

28 U.S.C. § 1331................................................................................................................... 11

28 U.S.C. § 2201................................................................................................................... 2, 4, 11

**Rules**

Fed. R. Civ. P. 12.................................................................................................................. 3, 4, 13

**Other Authorities**

FEDERAL ELECTION COMMISSION, *Candidates*, https://www.fec.gov/data/candidates/?election_year=2024&office=P .................................................................................................. 8

FEDERAL ELECTION COMMISSION, *Fundraising for the Campaign*, https://www.fec.gov/help-candidates-and-committees/making-disbursements/fundraising-campaign/ .......................... 10

LIBRARY OF CONGRESS, *Political Primaries: How Are Candidates Nominated*, https://www.loc.gov/classroom-materials/elections/presidential-election-process/political-primaries-how-are-candidates-nominated............................................................................ 13

## INTRODUCTION

The First Amended Verified Complaint for Declaratory and Injunctive Relief (the "Amended Complaint"), ECF 7, was filed by Plaintiff John Anthony Castro ("Plaintiff") as a publicity stunt, not a legitimate cause of action. Plaintiff is a private citizen who requests that the Court disqualify another private citizen—President Donald J. Trump—from running for President of the United States. With no standing, injury, ripeness, or subject matter jurisdiction and no viable claim for relief, Plaintiff's Amended Complaint, in its entirety, is fatally flawed. As Plaintiff has been afforded the opportunity to amend the Complaint, this Court should dismiss the Amended Complaint with prejudice.

Plaintiff filed a nearly identical complaint against a different defendant (the Federal Election Commission ("FEC")) in the U.S. District Court for the District of Columbia less than a year ago. *See Castro v. FEC*, No. 1:22-cv-02176, 2022 WL 17976630 (D.D.C. Dec. 6, 2022) ("*Castro I*"). The court dismissed that lawsuit for mootness and lack of standing. *Id.* Plaintiff now recycles his complaint in this Court, and names President Trump as the defendant. However, Plaintiff cannot bring a constitutional claim against a private individual, regardless of the location of the court or the identity of the defendant. Furthermore, Plaintiff fails to plead any fact that would establish this Court's jurisdiction. For these and the other reasons set forth below, President Trump, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6), hereby requests that this Court dismiss the Amended Complaint with prejudice.

## FACTUAL BACKGROUND

Plaintiff states that he has registered with the FEC to run as a candidate for President of the United States. First Am. Compl. ¶ 2, ECF 7 ("Am. Compl."). On July 25, 2022, Plaintiff filed a complaint against the FEC in the U.S. District Court for the District of Columbia. *See Castro I*, at

1

*1. Plaintiff sought "declaratory and injunctive relief against the [FEC] concerning Donald J. Trump's candidacy for President of the United States," and sought an order compelling the agency to "reject [President Trump's] statement of candidacy based on the Fourteenth Amendment's Disqualification Clause," U.S. Const., amend. XIV, § 3. *Id.* Plaintiff alleged that he would suffer a competitive injury if President Trump were permitted to run because Plaintiff would have to compete with him for campaign funds. *Id.* at *2. On December 6, 2022, following briefing by the parties, the court granted the FEC's motion to dismiss, concluding that Plaintiff lacked standing to sue. *Id.* First, the court determined that Plaintiff's alleged injury was not traceable to the FEC, because the agency had no authority to reject President Trump's statement of candidacy or to determine constitutional eligibility for office. *Id.* Second, the court concluded that Plaintiff's alleged injury was not redressable, because the court could not compel the FEC to engage in a gatekeeping function that exceeded the agency's scope of authority, and the filing of a statement of candidacy does not confer any authorization to run for office. *Id.* at *3.

One month later, Plaintiff reinitiated this case by filing an almost identical complaint in this Court. *See* Compl., ECF 1. On January 9, 2023, the Court *sua sponte* dismissed Plaintiff's Complaint without prejudice, citing Plaintiff's "impermissible 'shotgun pleadings.'" Order, ECF 6 at 1 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015)).

Plaintiff subsequently filed an Amended Complaint on January 19, 2023. In the Amended Complaint, Plaintiff asserts a single claim for relief under the Declaratory Judgment Act. 28 U.S.C. § 2201(a). Am. Compl. ¶ 11. Specifically, Plaintiff requests that this Court declare President Trump ineligible "to pursue public office and appear on state ballots for the nomination for or election to the Presidency of the United States." *Id.* Like his previous suit, Plaintiff bases his claim on Section 3 of the Fourteenth Amendment to the U.S. Constitution. *Id.* ¶ 14. As

2

additional relief, Plaintiff seeks an order enjoining President Trump "from submitting an application to appear on the ballot in any U.S. state." *Id.* ¶ 12.

For the reasons stated herein, all of the relief sought by Plaintiff should be denied and the Amended Complaint should be dismissed with prejudice.

## **LEGAL STANDARD**

Article III courts have the power to decide only those cases over which Congress grants jurisdiction. *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1231-32 (11th Cir. 2019). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject-matter jurisdiction. "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim," and "[i]f the plaintiff fails to shoulder that burden, the case must be dismissed." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (internal citations and quotations omitted); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "A central component of Article III's 'case or controversy' requirement is that the litigant must have standing to invoke the power of the federal court." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 905 (11th Cir. 1993); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [the standing] elements."). "Since [the standing elements] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof . . . ." *Lujan*, 504 U.S. at 561.

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true the plaintiff's well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the court must construe a plaintiff's factual allegations in the light most favorable to the plaintiff, *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008), the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

## ARGUMENT

As a threshold matter, this Court lacks jurisdiction over this matter. Plaintiff fails to plead any fact establishing his standing to bring this lawsuit, or any basis for federal jurisdiction, and the matter is otherwise unripe for review. In addition, Plaintiff's constitutional claim against President Trump, a private citizen, fails to state a claim upon which relief can be granted.

### I. This Court Lacks Jurisdiction Over Plaintiff's Claim

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The U.S. Supreme Court has explained that "the phrase 'case of actual controversy' in the Declaratory Judgment Act refers to the types of 'Cases' and 'Controversies' that are justiciable under Article III" of the U.S. Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) ("[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies." (quoting

*Raines v. Byrd*, 521 U.S. 811, 818 (1997))).  The Supreme Court has described the case-or-controversy requirement by stating:

> [T]he dispute [must] be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and [must] be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

*MedImmune, Inc.*, 549 U.S. at 127 (quoting *Aetna Life Ins. Co.*, 300 U.S. at 240-41).

Plaintiff fails to allege any facts establishing the existence of an actual controversy that is capable of judicial resolution.  In particular, Plaintiff has not demonstrated any concrete or particularized harm that would grant him standing to bring this claim.  Moreover, Plaintiff's theory of standing—based on competitor harm—is inapplicable under the circumstances here.  Additionally, Plaintiff has failed to identify any independent source of jurisdiction in this matter.  Finally, even if Plaintiff had standing to bring this lawsuit, the matter would not be ripe for adjudication.

### a. Plaintiff Lacks Standing to Sue

To establish standing, "a plaintiff must satisfy three constitutional requirements." *Region 8 Forest Serv. Timber Purchasers Council*, 993 F.2d at 805.  First, "plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural or hypothetical.'" *Lujan*, 504 U.S. at 560 (internal citations and quotations omitted).  "Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id*.  "An interest unrelated to injury in fact is insufficient to give a plaintiff standing." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772

(2000). Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561.

In determining whether to dismiss a complaint for lack of standing, the court must "accept as true the allegations in the complaint . . . and draw all reasonable inferences in favor of the plaintiff[]." *Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1240 (11th Cir. 2022). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. It is well established that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

Finally, the Supreme Court has explained that the difference between a "concrete" claim for a declaratory judgment (reviewable by a federal court) and an "abstract" claim (not reviewable) "is necessarily one of degree." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *Md. Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

Here, Plaintiff makes the conclusory allegation that he "will suffer concrete competitive injury if [President Trump's] campaign committee is permitted to raise funds," because it would put "Plaintiff at a fundraising disadvantage." Am. Compl. ¶ 19. Plaintiff proceeds to claim that "[i]f the federal judiciary permits [President Trump's] campaigning, [President Trump] will be the Republican Party's presumptive nominee and completely dominate at fundraising." *Id*. Plaintiff

6

also states that "[t]his will siphon off tens if not hundreds of millions of dollars to a constitutionally ineligible candidate[.]" *Id*.

On these pleadings, Plaintiff lacks standing to bring his claim.

### i. Plaintiff Has Not Alleged A Concrete Or Particularized Injury.

First, Plaintiff has not identified a "concrete" or "particularized" injury supporting the court's exercise of jurisdiction in this matter. It is axiomatic that "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. The district court in *Stencil v. Johnson*, No. 22-C-0305, 2022 WL 1956999, at *5 (E.D. Wis. June 3, 2022), applied this "overarching principle" to a similar effort to disqualify political candidates under Section 3 of the Fourteenth Amendment. There, the court concluded that the plaintiffs (who were individual voters) had not pleaded sufficiently particularized harm to support their standing to sue. *Stencil*, 2022 WL 1956999, at *5. The same principle applies here.

Plaintiff seems to believe that he has manufactured standing for himself by registering with the FEC as a political candidate. However, Supreme Court precedent directs that courts may consider context when assessing a litigant's purported candidacy. In *Golden v. Zwickler*, an individual claimed to be a bona fide political candidate for the U.S. Congress. After assessing the context of the plaintiff's lawsuit, the Supreme Court determined that the individual's candidacy "was neither real nor immediate" enough to confer standing to sue. *Golden*, 394 U.S. at 109-110. The same is true here. Plaintiff has not pleaded any facts to establish that his "candidacy"—and theoretical competition with President Trump for campaign funds—is either "real" or

7

"immediate." Merely filing a one-page form with the FEC does not confer Article III standing.[1] There are currently approximately 162 Republican Party candidates registered with the FEC as candidates for the Presidency.[2] Only a few of these "candidates" will actually launch a Presidential campaign. Plaintiff fails to allege any facts suggesting he will be bona fide candidate in the 2024 Presidential Election.

Notably, the requirement of concrete and particularized injury is particularly important where a plaintiff seeks "an interpretation of a constitutional provision which has never before been construed by the federal courts," and where "the relief sought produces a confrontation with one of the coordinate branches of the Government[.]" *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 221-22 (1974). In *Schlesinger*, the Supreme Court explained that "concrete injury removes from the realm of speculation whether there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party." *Id*.[3] Here, Plaintiff asks this Court to bar another private citizen from running for President of the United States—a remedy never granted by any court in this nation's history. Under these circumstances, Plaintiff falls far short of his burden to establish standing.

---

[1] Plaintiff seems to acknowledge that he has not filed other paperwork in support of his "candidacy." Am. Compl. ¶ 20 ("[T]he seemingly most appropriate time to bring suit would be when Plaintiff Castro and Defendant Trump both file paperwork in New Hampshire, Pennsylvania, Georgia, and Arizona to appear on the ballot as Presidential candidates . . . .").

[2] FEDERAL ELECTION COMMISSION, *Candidates*, https://www.fec.gov/data/candidates/?election_year=2024&office=P (last visited Feb. 15, 2023).

[3] Furthermore, "[t]o permit a complainant who has no concrete injury to require a court to rule on important constitutional issues in the abstract would create the potential for abuse of the judicial process, distort the role of the Judiciary in its relationship to the Executive and the Legislature and open the Judiciary to an arguable charge of providing 'government by injunction.'" *Schlesinger*, 418 U.S. at 222.

### ii. Competitor Standing Does Not Apply

Plaintiff seeks the novel application of "political competitor standing" to compensate for his clear lack of injury in fact. *E.g.*, Am. Compl. ¶¶ 6, 15-16. However, the theory of competitive standing applies in situations involving government action and not in situations involving private citizens like President Trump. For instance, where *the government* controls access to a market and takes an action that either allows new entrants to the market or otherwise alters competition, courts may consider whether market participants have a competitive injury. *E.g.*, *State Nat'l Bank of Big Spring v. Lew*, 795 F.3d 48, 55 (D.C. Cir. 2015) (stating that the competitor standing doctrine provides standing in "some circumstances" to "challenge the Government's allegedly illegal under-regulation of the plaintiff's competitor"); *Sherley v. Sebelius*, 610 F.3d 69, 72 (D.C. Cir. 2010) (considering competitor standing with respect to government regulatory action). Plaintiff has not identified any case where a court has extended the legal theory to actions of a private citizen, and undersigned counsel is aware of none.[4]

### iii. The Amended Complaint Lacks a Causal Link and Redressability

Plaintiff's apparent belief that President Trump's candidacy will decrease the amount of money available to him,[5] a "candidate" without a functioning campaign, is far too speculative to support Plaintiff's standing to sue. Even if Plaintiff could demonstrate an economic injury, he cannot establish a link between that injury and President Trump's candidacy. Lastly, the Amended Complaint fails to state any fact that—even if accepted as true—establishes that Plaintiff's alleged injury would be remedied by the relief requested.

---

[4] The cases Plaintiff relies upon are inapposite, because they all involved action by a government body. *See, e.g.*, *Shays v. Fed. Election Comm'n*, 414 F.3d 76, 82 (D.C. Cir. 2005); *Hassan v. Fed. Election Comm'n*, 893 F. Supp. 2d 248, 251 (D.D.C. 2012), *aff'd*, No. 12-5335, 2013 WL 1164506 (D.C. Cir. Mar. 11, 2013).
[5] *See* Am. Compl. ¶ 19.

All presidential candidates are required to follow the same campaigning and fundraising rules.[6] Plaintiff has not alleged, nor could he allege, that President Trump is taking any action that prevents Plaintiff from raising money or engaging in campaigning.

Plaintiff's piecemeal allegations request that this Court declare President Trump ineligible "to pursue public office and appear on state ballots for the nomination for or election to the presidency of the United Sates." Am. Compl. ¶ 11. Plaintiff also requests that this Court "enjoin any further fundraising or campaigning" by President Trump. *Id*. ¶ 14. Plaintiff seems to believe that if President Trump were somehow no longer in the race, campaign funds would flow to Plaintiff and he would become the Republican Party nominee. However, no fact alleged in the Amended Complaint supports that highly speculative notion. Accordingly, even a favorable judicial decision could not redress Plaintiff's alleged harm.

In short, Plaintiff has utterly failed to satisfy the causation and redressability requirements for Article III standing. Plaintiff's "injuries" are entirely speculative and depend on the decisions of third parties not before the Court. Even if Plaintiff's boldest wishes were granted by this Court, there is no basis to believe that Plaintiff's ability to raise campaign funds would improve. *See*, *e.g.*, *Allen v. Wright*, 468 U.S. 737, 758 (1984); *Fulani v. Brady*, 935 F.2d 1324, 1330-1331 (D.C. Cir. 1991). Given this fatal flaw in the Amended Complaint, this matter must be dismissed.

### b.     The Court Lacks Subject Matter Jurisdiction

Even if the Court concludes that Plaintiff has sufficiently alleged injury in fact, the Amended Complaint should still be dismissed because it fails to identify any statutory basis for

---

[6] For example, candidates can solicit contributions through public communications, their campaign websites, and generally using the internet. *See* FEDERAL ELECTION COMMISSION, *Fundraising for the Campaign*, https://www.fec.gov/help-candidates-and-committees/making-disbursements/fundraising-campaign/ (last visited Feb. 15, 2023).

10

the exercise of jurisdiction. "The Declaratory Judgment Act does not independently confer subject matter jurisdiction upon the federal courts." *Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1253 n.3 (S.D. Fla. 2020) (citing *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989)); *see also* 28 U.S.C. § 2201(a) (pertaining to cases of actual controversy "within [a federal court's] jurisdiction"). Rather, "the operation of the Declaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (quoting *Aetna Life Ins. Co.*, 300 U.S. at 240). "Where federal court jurisdiction is otherwise proper, the Act permits a party to [seek] a declaration of an underlying right . . . rather than waiting for the adjudication of such rights in a traditional coercive action." *Christ v. Beneficial Corp.*, 547 F.3d 1292, 1299 (11th Cir. 2008). Importantly, though, a plaintiff seeking a declaratory judgment in federal court must identify a separate source of federal subject-matter jurisdiction. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he Declaratory Judgments Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right." (citing *Skelly Oil Co.*, 339 U.S. at 671)).

Plaintiff states that jurisdiction exists because his claim pertains to the U.S. Constitution, triggering jurisdiction under 28 U.S.C. § 1331. ECF 7 ¶ 1. But jurisdiction under § 1331 generally lies only when federal law creates a private right of action. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). As the U.S. District Court for the Eastern District of Wisconsin explained in *Stencil*, it is *state law*, not federal law, that sets forth the procedures according to which political candidates appear on ballots. *See Stencil*, 2022 WL 1956999, at *7-8. Plaintiff cannot end-run around the ballot-access laws of the various states—which frequently reserve enforcement rights to state election commissions and set forth distinct, disparate procedures for challenging candidates' ballot eligibility—by filing for a nationwide injunction against a particular candidate's campaign.

11

Plaintiff simply has no avenue for challenging President Trump's eligibility to run for President under any federal statute or constitutional provision.

      **c.     This Action Is Not Ripe for Adjudication**

"The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Nat'l Park Hospitality Ass'n v. DOI*, 538 U.S. 803, 808 (2003) (quoting *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 57 n. 18 (1993)). It is "designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* at 807; *see also Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) ("The ripeness doctrine involves consideration of both jurisdictional and prudential concerns."). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prod. Co.*, 473 U.S. 568, 581 (1985)). In determining whether an action is ripe for review, the court must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 808 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1998); *see also Digital Props.,* 121 F.3d at 590 ("Courts must resolve 'whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision making by the court." (quoting *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995))).

This Court does not need to reach the ripeness analysis, as Plaintiff has failed to plead facts sufficient to satisfy his standing to bring this case or to identify any independent source of federal jurisdiction over this matter. If this Court does consider the matter of ripeness, a review of the

12

Amended Complaint demonstrates that Plaintiff's claims are not sufficiently mature, defined, or concrete to permit the Court to grant the relief requested.

Indeed, Plaintiff seems to concede that the lawsuit is premature. The Amended Complaint states, in pertinent part, that: "[T]he seemingly most appropriate time to bring suit would be when Plaintiff Castro and Defendant Trump both file paperwork in New Hampshire, Pennsylvania, Georgia, and Arizona to appear on the ballot as Presidential candidates." Am. Compl. ¶ 20. Plaintiff also admits that a member of the public must do more than register with the FEC to run for President—and that he has not taken those additional steps. As described above, numerous individuals have registered with the FEC as Republican Party candidates for President. But to become the presidential nominee of either party, "candidates go through a series of state primaries and caucuses where, based on the number of votes they receive from the electorate, they are assigned a certain number of delegates who will vote for them at their party's convention."[7] Plaintiff has not taken the steps required to genuinely compete for the Republican Party's nomination for President, and therefore cannot assert any injury in relation to that race at this stage.

## II. Plaintiff Fails to State a Valid Claim

Even if the Court concludes both that it has jurisdiction over the present matter and that the case is ripe for adjudication, it should nonetheless dismiss the Amended Complaint because it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

As discussed above, the Declaratory Judgment Act is "procedural only." *Skelly Oil Co.*, 339 U.S. at 671. Accordingly, the statute "'does not create remedies otherwise unavailable to the plaintiffs' in [an] anticipated coercive action." *Christ*, 547 F.2d at 1299 (quoting *Bolin v. Sears,*

---

[7] LIBRARY OF CONGRESS, *Political Primaries: How Are Candidates Nominated*, https://www.loc.gov/classroom-materials/elections/presidential-election-process/political-primaries-how-are-candidates-nominated/ (last visited Feb. 15, 2023).

*Roebuck & Co.*, 231 F.3d 970, 977 (5th Cir. 2000)); *see also Stencil,* 2022 WL 1956999, at *3 ("[A] party may not bring an action for declaratory relief if that party would not otherwise have a private cause of action."); *Schilling*, 363 U.S. at 677 ("[T]he availability of [declaratory] relief presupposes the existence of a judicially remediable right.")

Plaintiff seeks to cobble together a cause of action where none exists. Plaintiff requests relief against President Trump in his capacity as a private citizen, but litigants cannot assert causes of action under the Constitution against private citizens: "[T]he Constitution only protects against injuries caused by state actors." *Abner v. Mobile Infirmary Hosp.*, 149 Fed. App'x 857, 859 (11th Cir. 2005) (citing *Jeffries v. Ga. Residential Fin. Auth.*, 678 F.2d 919, 922 (11th Cir. 1982)); *see Irani v. Maracotta*, No. 07-61636-CIV, 2007 WL 4098246, at *1 (S.D. Fla. Nov. 16, 2007) ("[C]onstitutional violations do not apply to private citizens or private corporations unless they act under color of state law." (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992))). Plaintiff cannot allege that by running for office, President Trump is a state actor or acting under color of law. Accordingly, the Amended Complaint must be dismissed as failing to state a valid claim.

## CONCLUSION

For the foregoing reasons, President Trump respectfully requests that the Court dismiss Plaintiff's First Amended Verified Complaint for Declaratory and Injunctive Relief with prejudice.

DATED: February 15, 2023                              Respectfully submitted,

*/s/ Lindsey Halligan*
Lindsey Halligan
Florida Bar No. 109481
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Email: lindseyhalligan@outlook.com

*Counsel for President Donald J. Trump*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2023, I caused to be filed electronically the foregoing Motion to Dismiss and Incorporated Memorandum of Law in Support with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Defendant at his email address.  I will further serve on Defendant the foregoing document by having it emailed to him at j.castro@johncastro.com, *see* ECF 4.

*/s/ Lindsey Halligan*
Lindsey Halligan