IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 23-80015-CIV-CANNON

JOHN ANTHONY CASTRO )
12 Park Place, Mansfield, TX 76063 )
202-594-4344 )
    Plaintiff, )
)
)
v. )
)
DONALD J. TRUMP )
1100 S. Ocean Blvd, Palm Beach, FL 33480 )
    Defendant. )

FILED BY _____ D.C.

FEB 21 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**MOTION TO CERTIFY ORDER FOR PERMISSIVE APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiff John Anthony Castro ("Castro") requests entry of a revised Order denying Castro's Motion to Disqualify Judge Aileen Cannon [ECF 19] to include language certifying the Order and controlling questions of law pursuant to 28 U.S.C. § 1292(b) for permissive interlocutory appeal, and in support states:

**Procedural Background**

Castro initiated the action and filed his original complaint against Defendant former President Donald J. Trump ("Trump") on January 6, 2023 [ECF 1]. On January 9, 2023, this Court dismissed Castro's complaint and permitted repleading [ECF 6]. On January 19, 2023, Castro filed his amended complaint against Trump [ECF 7].

Castro filed a Motion to Disqualify Judge Aileen Cannon, requesting that the presiding Judge be disqualified from the litigation and recuse herself from acting in any capacity. [ECF 17]. On the same date, Trump answered Castro's complaint with a Motion to Dismiss for Lack of Jurisdiction. [ECF 18].

1

On January 16, 2023, this Court issued a paperless Order denying Castro's Motion to Disqualify Judge Aileen Cannon [ECF 19]. Castro now files this motion to request that appropriate language is added to the paperless Order permitting Castro to seek immediate appellate review.

### Argument

Section 1292(b) states that an appeal of a non-final order may be permitted should a district court certify in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b)

When faced with a motion to certify an order for immediate appellate review, the district court must grant a such request if the ruling involves a "controlling question of law" for which a substantial ground for difference of opinion exists that may materially advance the ultimate termination of the litigation. *McFarlin v. Conseco Services*, 381 F. 3d 1251, 1257 (11th Cir. 2004).

The Eleventh Circuit has expressed a preference that the district court certify not only the order but also the controlling question of law. However, a failure to do so does not strip the Eleventh Circuit of jurisdiction. *Id.* at 1255.

Castro requests that this Court certify the Order denying Castro's Motion to Disqualify Judge Aileen Cannon pursuant to 28 U.S.C. § 1292(b) based on the following questions of law:

1. Whether a presiding Judge can circumvent the necessity requirement to recuse oneself in violation of 28 U.S.C. § 455(a) when the Judge's partiality is not only questioned by a party to the proceeding but questioned by the entire legal community and lay general public?

### I.   A Controlling Question of Law Is Present.

A controlling issue of law is "a question of the meaning of the statutory or constitutional provision, regulation or common law doctrine" that is a question of "pure law" which "the court of appeals can decide quickly and cleanly without having to study the record." *Mamani v. Berzain*, No. 07-22459, 2014 WL 12689038, at *2 (S.D. Fla. Aug. 18, 2014).

Further, the controlling questions of law must be at least a substantial part of the case. *Id.* However, it does not mean that the question of law must be based on settled law. *McFarlin*, 381 F.3d at 1258.

Here, a controlling question of law exists. Congress re-wrote 28 U.S.C. § 455 to ease the strict requirements and procedural burden under 28 U.S.C. § 144. In fact, 28 U.S.C. § 455(a) places the burden on the judiciary to recuse on the premise that "disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. State of Ala.*, 828 F.2d 1532, 1541 (11th Cir. 1987).

The appellate court reviews an order for a motion to recuse for abuse of discretion. "A district court abuses its *discretion when it misapplies the law in reaching its decision* or bases its decision on findings of fact that are clearly erroneous." *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006).

The necessity to recuse oneself is violated if the general public could reasonably infer that there would be the mere "appearance" of partiality. *See U.S. v. Garrudo*, 869 F. Supp. 1574 (S.D. Fla. 1994), *aff'd sub nom.*, 139 F.3d 847 (11th Cir.1998), *reh'g granted and opinion vacated*, 161 F.3d 652 (11th Cir. 1998), *and on reh'g*, 172 F.3d 806 (11th Cir.1999), *cert. denied* 528 U.S. 985.

The Eleventh Circuit clearly held that "recusal is ***necessary*** where a judge's impartiality may reasonably be questioned." *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013).

Here, the Eleventh Circuit would not have to study the record of this proceeding to address "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* The facts are clear, beyond the record of this case, and already known by the general public including the Eleventh Circuit. As such, the controlling question of law boils down to this Court ignoring the self-governance necessity requirement that 28 U.S.C. § 455(a) places on the judiciary.

Judge Aileen Cannon received widespread condemnation and criticism for her ruling in *Trump v. United States*, No. 22-81294-CIV, 2022 WL 4015755 (S.D. Fla. Sept. 5, 2022), *vacated and remanded*, 54 F.4th 689 (11th Cir. 2022).

The Eleventh Circuit ultimately overruled Judge Aileen Cannon's opinion and ordered this Court to dismiss the action finding that this Court's determination to exercise jurisdiction was an abuse of discretion and unconstitutional for violating nearly a century of established precedent from the United States Supreme Court on the separation of powers. *Trump v. United States*, 54 F.4th 689 (11th Cir. 2022).

It is clear and indisputable that the general public unquestionably questions Judge Aileen Cannon's impartiality. As such, pursuant to 28 U.S.C. § 455(a), Judge Aileen Cannon must recuse herself and was not permitted to ignored her legal requirements to do so when she denied Castro's Motion.

After her previous ruling in *Trump v. United States*, the Eleventh Circuit received numerous ethics complaints. Albeit all dismissed, they showcase the public's view of Judge Aileen Cannon's indisputable partiality toward Donald J. Trump.

One ethics complaint alleged that:

"[T]he Subject Judge issued an order giving the plaintiff 'special protections that are rarely afforded to any criminal suspect,' ignored the United States Constitution, violated her oath of office, improperly allowed the special master to review classified documents, exhibited an 'utter disregard for National Security,' and engaged in 'reckless behavior' that no reasonable person would engage in 'unless it was in Collusion or furtherance of aiding a special Cause, Cult or Special Person.'" *See* Judicial Complaint No. 11-22-90138.

Another complainant alleges that this Court created an "appearance of partisan politics" because the Subject Judge was nominated by the plaintiff, and created an "appearance of judge shopping." *See* Judicial Complaint No. 11-22-90125.

A different complaint states that Judge Aileen Cannon is "obviously biased towards" Donald J. Trump. *See* Judicial Complaint No. 11-22-90145. Yet another ethics complaint alleged that Judge Aileen Cannon had a "political bias," made a "partisan attempt to impede" an investigation into the plaintiff, violated her oath of office, and may have engaged in obstruction of justice." *See* Judicial Complaint No. 11-22-90136.

The preceding examples are not conclusive but sufficient to showcase that Judge Aileen Cannon's impartiality not only "might be" reasonably questioned but has ***already been*** called into question by the general public. These are not mere baseless accusations by Plaintiff John Anthony Castro but rather simply a reiteration of the actual and current sentiment of the general public. As such, this Court's paperless Order denying Castro's Motion to Disqualify Judge Aileen Cannon does not raise a dispute of facts; it meets the question of law standard.

Second, the question of law must be controlling. A question is controlling "if it is serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Blanche Corp.*, 496

F.2d 747, 755 (3d Cir. 1974). The question presented here is controlling as a failure to recuse may warrant relief from final judgment. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988). In other words, Judge Aileen Cannon's refusal to recuse herself exposes her judgment to being overturned on appeal, which, if overturned, would unnecessarily prolong litigation. As such, resolving this issue would materially advance the ultimate termination of the litigation.

In sum, whether Judge Aileen Cannon ignored the necessity requirement to recuse herself pursuant to 28 U.S.C. § 455(a) given the general public's indisputable questioning of her impartiality is the controlling question of law.

## II. Substantial Ground for Difference in Opinion Exists.

Substantial Grounds exist when there is a lack of "complete and unequivocal" agreement of the Eleventh Circuit with the district court. *See McFarlin*, 381 F.3d at 1258. Because there is no such agreement between the Eleventh Circuit and the district court regarding the controlling question of law, there is substantial ground for the difference in opinions.

In fact, there is substantial ground for the difference in the Eleventh Circuit and this district court as the Eleventh Circuit has numerously held that "inherent in [28 U.S.C.] § 455(a)'s requirement that a judge disqualify himself if his impartiality might reasonably be questioned is the principle that our system of "justice must satisfy the appearance of justice." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523 (11th Cir. 1988) (citing *Offutt v. United States*, 348 U.S. 11, 14 (1954)).

The Eleventh Circuit stands firm that if there is doubt about impartiality, a recusal should be favored. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

This Court clearly disagreed with its own legal and ethical requirement to grant Castro's motion despite the Eleventh Circuit clear statements that Judge Aileen Cannon must adhere to the

6

obligation placed on her by 28 U.S.C. § 455(a). Her disagreement with the Eleventh Circuit is highlighted by this Court merely handing down a paperless Order.

### III. ULTIMATE TERMINATION OF THE LITIGATION

The text of 28 U.S.C. § 1292(b) requires that the resolution of a "controlling question law may materially advance the ultimate termination of the litigation."

This last requirement simply means "resolution of a controlling question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F. 3d at 1259.

Castro's request for a permissible appeal clearly satisfies this last element. It would be disadvantageous to the parties and this Court's resources to continue this case without resolving the controlling legal question. Without the immediate resolution of this controlling legal question, the resolution of this case could be easily overturned on appeal if the Eleventh Circuit ultimately holds that this Court should have rescued itself. It is beyond speculative that the Eleventh Circuit would overturn this Court's Order as the public opinion of Judge Aileen Cannon mandates a recusal.

THEREFORE, Plaintiff John Anthony Castro requests entry of a revised order denying his Motion to Disqualify Judge Aileen Cannon, with language certifying that the order involves a controlling question of law as to which there are substantial grounds for differences of opinion and that an immediate appeal from said Order will materially advance the termination of the litigation and certifying the proposed questions of controlling law.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

I HEREBY CERTIFY that I have conferred with the attorney for Defendant, which are the only parties who may be affected by the relief sought in this motion, in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

|  |  |
|---|---|
| February 21, 2023 | Respectfully submitted<br><br>By _____<br>JOHN ANTHONY CASTRO<br>12 Park Place<br>Mansfield, TX 76063<br>Tel. (202) 594 - 4344<br>J.Castro@JohnCastro.com<br><br>**PLAINTIFF *PRO SE*** |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2023, a true and accurate copy of the foregoing *Motion to Certify Order Permissive Appeal* was served on Defendant's counsel of record via U.S. First Class Mail and further served on Defendant by emailing the forgoing document to Defendant's counsel of record as follows:

Lindsey Halligan
Florida Bar No. 109481
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Emil: lindseyhalligan@outlook.com

_____
John Anthony Castro