IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 23-80015-CIV-CANNON

JOHN ANTHONY CASTRO )
12 Park Place, Mansfield, TX 76063 )
202-594-4344 )
    Plaintiff, )
)
v. )
)
DONALD J. TRUMP )
1100 S. Ocean Blvd, Palm Beach, FL 33480 )
    Defendant. )

**PLAINTIFF'S MOTION TO STAY PROCEEDING RULING ON PETITION FOR WRIT OF MANDAMUS**

Plaintiff John Anthony Castro ("Castro") moves to stay further proceedings in this litigation, including all pretrial and trial deadlines, pending the disposition of Plaintiff's petition for writ of mandamus:

**INTRODUCTION**

1. On February 15, 2023, Castro filed a Motion to Disqualify Judge Aileen Cannon, requesting that the presiding Judge be disqualified from the litigation and recuse herself from acting in any capacity. [ECF 17].

2. On January 16, 2023, this Court issued a paperless Order denying Castro's Motion to Disqualify Judge Aileen Cannon [ECF 19].

3. On February 21, 2023, Castro filed a motion requesting that the paperless Order will be certified for a permissive appeal pursuant to 28 U.S.C. § 1292(b). [ECF 22].

1

4. On February 22, 2023, this Court, through a paperless order, denied the request sought in Castro's motion. [ECF 23].

5. Castro has now filed a petition for writ of mandamus requesting that the Eleventh Circuit determines the following issue:

> "In light of widespread and reasonable public questioning of United States District Judge Aileen Mercedes Cannon's impartiality with regard to cases involving Donald J. Trump by fully informed lay individuals, legal scholars, and media outlets, did United States District Judge Aileen Mercedes Cannon abuse her discretion in failing to disqualify herself in this case involving Donald J. Trump?

*See In Re: John Anthony Castro*, No. 23-10531-J, ECF Doc. 2, p. 2.

## ARGUMENT

6. A federal court has broad discretion to stay the proceedings arising out of its inherent power to control and manage its docket. *Prosper v. Martin*, 239 F. Supp. 3d 1347, 1349 (S.D. Fla. 2017).

7. A court may authorize such discretion when the request to stay the proceedings would promote judicial economy and efficiency. *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-20756-CIV, 2012 WL 1852941, at *1 (S.D. Fla. May 21, 2012).

8. In deciding to stay the proceedings, the court must weigh competing interests and maintain an even balance. *Baker v. Bank of Am., N.A.*, No. 18-CV-81595, 2020 WL 10055684, at *1 (S.D. Fla. July 20, 2020) *(citing Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

9. When deciding on a motion to stay the proceedings, courts will consider the following factors:

"(1) the likelihood of the moving party ultimately prevailing on the merits;

(2) the extent the moving party would be irreparably harmed;

(3) potential for harm to the opposing party if the stay is issued; and

(4) whether issuing a stay would be in the public interest."

*Latele Prods., Inc. v. Azteca Int'l Corp.*, No. 16-CV-25347, 2018 WL 11350654, at *1 (S.D. Fla. Dec. 18, 2018).

10. This district court has recognized that whether the movant can "demonstrate a probable likelihood of success on the merits is often difficult in the early stages of litigation." *Guirola-Beeche v. U.S. Dep't of Just.*, 662 F. Supp. 1414, 1418 (S.D. Fla. 1987).

11. In the early stages of litigation, the court, therefore, can look at the remaining three factors, and if the factors weigh in favor of staying proceedings, the stay should be granted. *Id.* (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)); see also *Orsi v. SP Plus Corp.*, No. 18-62589-CIV, 2019 WL 13189850, at *2 (S.D. Fla. Nov. 25, 2019) ("If factors two through four weighs in favor of the moving party, a motion to stay may be granted upon a lesser showing of a 'substantial case on the merits.'")

12. A court may also stay the proceedings simply as a means to control its docket as long as the stay is not immoderate, so to say, the stay is not for an unnecessarily prolonged time and improper reasoning. *See generally, Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).

13. Here, all four factors weight in Castro's favor to grand a stay of the proceedings pending the resolution of his petition for writ of mandamus.

**A. Castro can show a strong likelihood of ultimately prevailing on the merits.**

14. The standard for recusal, which is an inherent part 28 U.S.C. § 455(a), is whether a judge's impartiality might be reasonably questioned." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523 (11th Cir. 1988) (citing *Offutt v. United States,* 348 U.S. 11, 14 (1954)).

15. The Eleventh Circuit clearly states that an objective standard will aid the determination of whether recusal is proper. The Eleventh Circuit clarified that the proper question to determine whether a Judge should be recused is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013).

16. An objective, disinterested party would easily doubt Judge Aileen Cannon's impartiality. In fact, the court of public opinion has already ruled and found that Judge Aileen Cannon is biased in favor of Trump. Multiple news agencies have questioned her impartiality.[1] Legal Professionals are concerned about her favoritism of Trump. Ryan Goodman, a New York University law professor, called her ruling appointing a special master to review the documents seized from Mar-a-Largo radical. A former homeland security official in the George W. Bush administration called Judge Aileen Cannon's ruling egregious.[2]

---

1 See Vivia Chen, Judge Aileen Cannon Channels Her Inner Kavanaugh, Sept 1, 2022, https://news.bloomberglaw.com/business-and-practice/judge-aileen-cannon-channels-her-inner-kavanaugh, see also Charlie Savage, Trump Ruling Lifts Profile of Judge and Raises Legal Eyebrows, Sept 8, 2022, https://www.nytimes.com/2022/09/07/us/politics/aileen-cannon-judge-trump.html; see also Roberti Schwaniger, Opinion: Judge Cannon should be removed, Sept. 26, 2022,https://www.thetelegraph.com/opinion/article/Judge-Cannon-should-be-removed-17462356.php
2 Charlie Savage, 'Deeply Problematic': Experts Question Judge's Intervention in Trump Inquiry, Sept. 6, 2022, https://www.nytimes.com/2022/09/05/us/trump-special-master-aileen-cannon.html

17. Multiple attorneys felt compelled to file official complaints against Judge Aileen Cannon with the Eleventh Circuit. *See, e.g.,* Judicial Complaint No. 11-22-90138, Judicial Complaint No. 11-22-90125, Judicial Complaint No. 11-22-90145, Judicial Complaint No. 11-22-90136

18. The Eleventh Circuit stands firm that if there is doubt about impartiality, a recusal should be favored. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

19. A bias that is sufficient to disqualify a Judge must come from extrajudicial sources. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (citing *Whitehurst v. Wright*, 592 F.2d 834, 838 (5th Cir.1979)). "An exception to that rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party. *Id.* (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1051 (5th Cir. 1975).

20. Here, a wide range of extrajudicial sources voiced doubts about Judge Aileen Cannon's impartiality. Subsequently, the objective standard that supports recusal is met.

21. In the United States, "no man in this country is so high that he is above the law", nevertheless, Judge Aileen Cannon has also demonstrated that she is willing to rule in favor of Trump based on his special status as a former president ignoring the fundamental principles of America. *See Davis v. Passman*, 442 U.S. 228 (1979), *see also Trump v. United States*, No. 22-81294-CIV, 2022 WL 4015755, at *4 (S.D. Fla. Sept. 5, 2022), *vacated and remanded,* 54 F.4th 689 (11th Cir. 2022) ("In the public mind, the blot on a man's escutcheon, resulting from such a public accusation of wrongdoing, is seldom wiped out by a subsequent judgment of not guilty. Frequently, the public remembers the accusation, and still suspects guilt, even after an acquittal.

As a function of Plaintiff's former position as President of the United States, the stigma associated with the subject seizure is in a league of its own) (internal citations omitted.)

22. Castro has demonstrated a substantial likelihood that the Eleventh Circuit will rule in favor of disqualifying Judge Aileen Cannon, and as such, this factor favors a stay of the proceedings.

**B. Castro would suffer irreparable harm.**

23. When a Judge fails to recuse oneself, a party may be relieved of a final judgment. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

24. Despite Castro's possible ability to re-litigate this matter, initiating a new case will not provide adequate relief in this case.

25. Castro is asserting standing in this suit based on his political competitive injury-in-fact in the form of a diminution of votes and/or donors. As such, if a biased Judge remains on the bench, Castro's ability to compete fairly in the 2024 presidential election will be adversely impacted.

26. Castro is bringing this suit early in the election process to minimize any potential injury that might stem from an unconstitutionally authorized candidate competing in the same arena. A setting aside of this Court's judgment would not be provided in such a timely fashion that it would compensate for Castro's damages.

27. If this Court continues to rule, in particularly on the pending motion to dismiss, this Court will cause irreparable harm to Castro. As such, a stay is favored.

**C. Trump will not suffer any harm if the stay is granted.**

28. Trump will not suffer any harm if the stay is granted as he has not answered the complaint. Further, the stay will not interfere with this Court's schedule as no trial schedule has

been set. *Latele Prods., Inc.*, 2018 WL 11350654, at *1 (finding that the absence of a filed answer and set trial schedule weighs in the favor of granting a stay).

29. In actuality, this stay might benefit Trump as he can continue his unconstitutionally authorized political campaigning.

**D. The issuance of the stay would be in the public's interest.**

30. The purpose of 28 U.S.C. § 455 is to "avoid even the appearance of partiality." *Liljeberg*, 486 U.S. 847, 860 (1988).

31. The Eleventh Circuit has numerously held that "inherent in [28 U.S.C.] § 455(a)'s requirement that a judge disqualifies himself if his impartiality might reasonably be questioned is the principle that our system of "justice must satisfy the appearance of justice." *Parker*, 855 F.2d at 1523 (citing *Offutt*, 348 U.S. at 14).

32. Here, a stay would be in the public's interest. As stated in this motion, the public already believes Judge Aileen Cannon is partial to Trump.

33. . A further ruling in this case while the Eleventh Circuit reviews Castro's petition of writ of mandamus would fuel the fire of Judge Aileen Cannon's criticism even more.

34. The public deserves to have confidence in its court system. As such, a stay would ensure that such confidence is not further encroached upon. On that basis, this factor favors a stay of the proceedings.

## CONCLUSION

35. Castro can demonstrate that there is a strong likelihood that he will prevail on the merits of his petition for writ of mandamus. He would suffer great harm if the stay of the stay of the proceedings is not granted while Trump will not suffer any harm from this stay. Lastly, the stay is in the public interest.

WHEREOF, John Anthony Castro, prays that this Court grants his motion.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

I HEREBY CERTIFY that I have conferred with the attorney for Defendant, which are the only parties who may be affected by the relief sought in this motion, in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted

February 27, 2023        By _____

JOHN ANTHONY CASTRO
12 Park Place
Mansfield, TX 76063
Tel. (202) 594 - 4344
J.Castro@JohnCastro.com

**PLAINTIFF *PRO SE***

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, a true and accurate copy of the foregoing Motion to Certify Order Permissive Appeal was served on Defendant's counsel of record via U.S. First Class Mail and further served on Defendant by emailing the forgoing document to Defendant's counsel of record as follows:

Lindsey Halligan
Florida Bar No. 109481
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Email: lindseyhalligan@outlook.com

Jacob F. Grubman
IFRAH LAW, PLLC
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
Email: jgrubman@ifrahlaw.com

                                                                           John Anthony Castro