IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>*Defendant*. | Case No. 9:23-cv-80015 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

President Donald J. Trump, by and through his undersigned counsel, respectfully submits the following reply in support of the motion to dismiss the Amended Complaint brought against him by Plaintiff John Anthony Castro.

**INTRODUCTION**

Plaintiff's response in opposition to the present motion[1] raises a host of factual allegations not appearing in Plaintiff's Amended Complaint and legal arguments not relevant to the Court's disposition of the motion to dismiss. Notwithstanding the Court's more liberal interpretation of *pro se* filings,[2] two independent grounds require dismissal of Plaintiff's Amended Complaint, as Defendant set forth in the motion to dismiss.

First, the Court lacks jurisdiction over Plaintiff's claims. Despite asserting voluminous facts not appearing in the Amended Complaint, Plaintiff lacks standing to sue under the

---

[1] Defendant notes that Plaintiff's opposition does not comply with the page limit specified under Rule 7.1(c)(2) of the Local Rules of the U.S. District Court for the Southern District of Florida.
[2] *But see, e.g.*, *Engel v. Experian Info. Solutions, Inc.*, No. 04-61380, 2005 WL 8155375, at *2 (S.D. Fla. June 6, 2005) (noting that "a party's *pro se* status carries less weight where a party is an attorney") (citing *Barnes v. Madison*, 79 Fed. App'x 691, 696 no. 4 (5th Cir. 2003)).

Declaratory Judgment Act, because he has not alleged a concrete or particularized injury. *See* Mot. to Dismiss, ECF 18, at 5-10. Even if the Court concludes that Plaintiff has standing to sue, he has not identified any independent source of subject matter jurisdiction over this matter, as required for suits brought under the Declaratory Judgment Act, and his claims are not ripe for adjudication. *Id.* at 10-13.

Second, Plaintiff has failed to state a claim for which relief can be granted. *See id.* at 13-14. Plaintiff may not raise against a constitutional claim against President Trump, a private individual, and Plaintiff's opposition does not assert otherwise.

Furthermore, given the incurable defects in Plaintiff's Amended Complaint and the fact that Plaintiff has already amended his pleadings once, the Court should dismiss the Amended Complaint with prejudice.

## ARGUMENT

### I. This Court Lacks Jurisdiction Over Plaintiff's Claim

Plaintiff carries the burden of establishing this Court's jurisdiction over the present matter, *e.g.*, *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016), and he has failed to carry that burden. Accordingly, the Court should dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

#### A. Plaintiff Lacks Standing to Sue

A member of the public at large would indisputably lack standing to bring Plaintiff's claim under the Declaratory Judgment Act. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992) ("[A] plaintiff raising only a generally available grievance . . . claiming only harm to his and every citizen's interest in the proper application of the Constitution and laws . . . does not state an Article III case or controversy."); *Stencil v. Johnson* No. 22-C-0305, 2022 WL 1956999, at *5

(E.D. Wis. June 3, 2022) (applying this principle to a suit brought pursuant to Section 3 of the Fourteenth Amendment).

In this instance, Plaintiff seeks to distinguish himself from the general public by asserting that he is running for President of the United States. Opp. to Mot. to Dismiss, ECF 26 ("Opp."), at 4. But in assessing standing, the courts examine whether the parties have "adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).[3] Here, Plaintiff's candidacy is neither immediate nor realistic. Plaintiff acknowledges that he has not filed the paperwork to appear on the ballots of several states. First Am. Compl., ECF 7 ("Am. Compl."), ¶ 20. In his opposition, Plaintiff seems to indicate that his campaign will depend on his ability to sell his tax software for $180 million. Opp. at 9-10. Those are not the hallmarks of an immediate or realistic political campaign. In short, although Plaintiff has filed a one-page form with the Federal Election Commission ("FEC"), he has not substantially distinguished himself from a member of the general public or shown that his alleged injury is any more "concrete and particularized." *Lujan*, 504 U.S. at 560.

In support, Plaintiff cites numerous extraneous sources for the proposition that he is a bona fide Presidential candidate.[4] The extent of these sources' coverage of Plaintiff's "campaign" prove that Plaintiff's candidacy is illusory. Three of the news sources simply quote tweets that Plaintiff wrote, rather than identifying any substantive aspect of Plaintiff's campaign. *See* Opp. at 11 n.32,

---

[3] Plaintiff's half-hearted request for sanctions, Opp. at 13, is procedurally and substantively deficient. The Supreme Court's decision in *Golden* sets forth certain elements relevant to the courts' analysis under the Declaratory Judgment Act and shows that a court need not take a litigant's self-proclaimed candidacy at face value.

[4] Plaintiff relies on the decision in *Hohri v. United States*, 782 F.2d 227 (D.C. Cir. 1986), for the proposition that this Court can consider extra-pleading material in deciding a motion for lack of jurisdiction under Rule 12(b)(1). Opp. at 2. In that case, the U.S. Court of Appeals for the D.C. Circuit noted that it was considering extra-pleading material "only where such documents supplied *undisputed facts*." *Hohri*, 782 F.2d at 241 (emphasis added).

33, & 34.  In effect, Plaintiff seeks to characterize himself as a legitimate candidate because he has previously called himself a legitimate candidate.  Another cited source refers to Plaintiff as a Presidential candidate based only on Plaintiff's prior, failed suit against the FEC.  *See id.* at 11 (discussing *Washington Post* article).  The fact that Plaintiff previously ran two unsuccessful campaigns for the U.S. Congress is not relevant to whether he is a bona fide competitor with President Trump.  *See id.* at 10.  Nor is the fact that Plaintiff first brought his flawed legal theory to court more than a year ago.  *See id.* at 12.[5]  To the extent Plaintiff now relies on his theory of political competitor standing because he *could* run as a write-in candidate, *see id.*, that allegation would surely fail the test for concrete and particularized harm sufficient to confer Article III standing, and Plaintiff has cited no authority to the contrary.

Plaintiff also directs the Court to his campaign website as evidence that he is running for President and that President Trump is damaging his ability to raise campaign funds.  But that website's "Pitch In" and "Donate Now" links do not work—visitors to Plaintiff's "campaign site" cannot actually contribute to his "campaign."[6]  Finally, it appears unnecessary to address Castro's threadbare, unsupported assertion, made for the first time in his opposition, that he "retains support from unions."  Opp. at 4-5.  Plaintiff has demonstrated his ability to gather any and all references to himself and his campaign; if any specific union supported his campaign, he would have said so.  Even if Plaintiff had made this bare allegation in his Amended Complaint, the Court would not need to accept it as true pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, even if the Court concludes that Plaintiff is sufficiently distinguishable from the public at large, his theory of standing is misplaced.  As Defendant has observed, some courts

---

[5] Plaintiff's analysis of his own motivations for pursuing this legal theory does nothing to render him a bona fide political competitor. *See* Opp. at 8-9.

[6] *See* John Anthony Castro, "Pitch In," https://johncastro.com/pitch-in (last visited March 7, 2023).

have recognized political competition as providing grounds for standing in lawsuits involving *government action*—not the conduct of a political opponent. Mot. to Dismiss at 9. The present matter does not involve government action of any kind.

In sum, Plaintiff has not proven that he is a bona fide political opponent of President Trump, and he has therefore failed to prove standing in this matter.

### B. Plaintiff Has Not Identified Any Independent Basis for Subject Matter Jurisdiction

Even if the Court concludes that Plaintiff has sufficiently proven his standing to bring the present case, Plaintiff has failed to identify any statutory basis for this Court's exercise of subject matter jurisdiction. "The Declaratory Judgment Act does not independently confer subject matter jurisdiction upon the federal courts." *Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1253 n.3 (S.D. Fla. 2020). As the statute is "procedural only," *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950), a party seeking declaratory relief must identify a separate source of federal subject matter jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

In this instance, it is state law, not federal law, that sets forth the procedures according to which political candidates appear on ballots. *See Stencil*, 2022 WL 1956999, at *7-8. Accordingly, although Plaintiff purports to raise his claim under Section 3 of the Fourteenth Amendment, that provision functions only in relation to state laws implementing the various ballot-access and registration qualifications. Plaintiff cannot use this lawsuit as a vehicle to circumvent the laws of the states by filing for a nationwide injunction against a particular candidate's campaign.

Plaintiff's Amended Complaint and opposition provide no insight into how his claim stands independently from the state-level rules that govern ballot access, and Plaintiff has accordingly failed to show any independent basis for subject matter jurisdiction in this case.

### C. This Action Is Unripe for Adjudication

Lack of ripeness provides independent grounds for dismissing this case for lack of jurisdiction. *See Nat'l Park Hospitality Ass'n v. DOI*, 538 U.S. 803, 808 (2003) (explaining that the ripeness doctrine emerges from prudential concerns under Article III). Here, Plaintiff himself has suggested a "mo[re] appropriate time to bring suit": after he has taken more of the steps necessary to appear on the ballots in the various states. Am. Compl. ¶ 20. In short, Plaintiff asserts injury stemming from competition with President Trump, a relationship that does not clearly exist today. Indeed, although Plaintiff bases his entire theory of relief on his own candidacy, he acknowledges that he has not done enough to become a candidate for President, and his own website does not facilitate contributions to his campaign. *See supra* at 4. To the extent Plaintiff's case depends on the possibility of losing *votes* to President Trump, the matter is particularly unripe: Plaintiff seems to acknowledge that he does not qualify for the ballot in any state. *See* Am. Compl. ¶ 20.

## II. Plaintiff Fails to State a Claim for Which Relief Can Be Granted

As Defendant has observed, the Declaratory Judgment Act does not create remedies otherwise unavailable to a plaintiff in a non-declaratory action. Mot. to Dismiss at 13-14 (quoting *Christ v. Beneficial Corp.*, 547 F.3d 1292 (11th Cir. 2008)). Neither Section 3 of the Fourteenth Amendment nor any other provision of the Constitution provides a cause of action against private individuals. Rather, "the Constitution only protects against injuries caused by state actors." *Abner v. Mobile Infirmary Hosp.*, 149 Fed. App'x 857, 859 (11th Cir. 2005). Defendant is plainly not a state actor.

Accordingly, it is unnecessary for the Court to determine whether Section 3 is "self-executing" or creates an implied right of action—those matters are not relevant to Plaintiff's

present suit against Defendant. As Plaintiff has not cited any legal precedent suggesting that he can bring a constitutional claim against Defendant, the Court should dismiss the Amended Complaint for failure to state a claim for which relief can be granted.[7]

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the motion to dismiss.

DATED: March 7, 2023

Respectfully submitted,

*/s/ Lindsey Halligan*
Lindsey Halligan
Florida Bar No. 109481
511 SE 5th Avenue
Fort Lauderdale, FL 33301
lindseyhalligan@outlook.com

Jacob Grubman
(*pro hac vice*)
Ifrah Law PLLC
1717 Pennsylvania Ave. NW
Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4176
jgrubman@ifrahlaw.com

*Counsel for President Donald J. Trump*

---

[7] Plaintiff claims that "[t]his case will involve inevitable appeals to the United States Court of Appeals for the Eleventh Circuit." Opp. at 16. Setting aside the frivolity of Plaintiff's Amended Complaint, Plaintiff is stating that he will appeal any adverse ruling, regardless of this Court's legal reasoning. Defendant has opted not to seek Rule 11 sanctions against a *pro se* litigant at this stage but notes that Rule 38 of the Federal Rules of Appellate Procedure makes just damages and costs available where a party files a frivolous appeal.